IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NELDA DAVIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-01698-D |
| | § | |
| THE CITY OF FORT WORTH, et al., | § | |
| Defendants. | § | |

DEFENDANTS' MOTION TO TRANSFER VENUE
AND BRIEF IN SUPPORT THEREOF

Pursuant to 28 U S.C. § 1404, all Defendants herein move the Court for an order transferring this case to the Fort Worth Division of the United States District Court for the Northern District of Texas.

I.  INTRODUCTION

This case was removed to the Dallas Division because Plaintiff filed her state court lawsuit in a County Court at Law in Dallas County despite facts strongly favoring Tarrant County venue, including that Plaintiff herself resides in Tarrant County, she has sued the City of Fort Worth and two of its police officers, and the events in question occurred (i.e, the claim arose) at her place of employment, which is located in Fort Worth, less than two miles from the Fort Worth Division's federal courthouse.

The facts overwhelmingly dictate that in light of the overall convenience of the parties, witnesses, and in the interest of justice, this Court should transfer this case to the Fort Worth Division.  Reasons supporting transfer include the following: (1) Plaintiff resides in the Fort Worth Division; (2) Plaintiff was employed by a Fort Worth company in Fort Worth at the time of the incident in question; (3) the incident in question occurred at Plaintiff's place of employment in Fort

Worth; (4) save one, all Defendants reside in or have their principal offices in the Fort Worth Division, and the one individual defendant who resides in Dallas has little personal connection to the facts giving rise to Plaintiff's claims (and he supports transfer); (5) three of the defendants are the City of Fort Worth and two of its police officers; (6) nearly all of the probable witnesses expected to be deposed or called to testify at trial reside and work in the Fort Worth Division; (7) the documents that are most likely related to Plaintiff's claims were created in and are maintained in Fort Worth; and (8) it would be unreasonably burdensome, unnecessarily expensive, and inconvenient for the parties and non-party witnesses (including a number of elderly and/or infirm residents of the care facility at which the incident in question took place) to travel to Dallas to give testimony or attend trial.

## II. BACKGROUND

Plaintiff Nelda Davis brings this alleged excessive force case against the City of Fort Worth and two City of Fort Worth police officers. Plaintiff, a self-described resident of Tarrant County, Texas, Pl. Orig. Pet. at 2 (Doc. No. 1 at 13), alleges that on or about December 31, 2013, the two Fort Worth police officer defendants, Dacian Halmagean and Amy Olson, while arresting her, injured her and violated her constitutional rights. Among other things, Plaintiff alleges that her claimed "injury resulted directly and only from the use of excessive force," allegedly committed by the Fort Worth police officers. Pl. Orig. Pet. at 7 (Doc. No. 1 at 18).

The incident in question took place at Plaintiff's then place of employment, the Westchester Plaza, a residential care or assisted living facility, located at 554 S. Summit Avenue, Fort Worth, Texas 76104.[1] Pl. Orig. Pet. at 4 (Doc. No. 1 at 15). Westchester Plaza, in fact, is located *1.5 miles*

---

[1] https://www.google.com/maps/place/Westchester+Plaza/@32.738871,-97.342982,17z/data=!3m1!4b1!4m2!3m1!1s0x0:0xfb8139408999e50c

from the Fort Worth Division's United States Courthouse.[2]  By contrast, it is located more than 32 miles from the Dallas Division's United States Courthouse.[3]  In other words, the situs of the incident made the basis of this action is more than 21 times closer to the Fort Worth Division's courthouse than it is to the Dallas Division's courthouse.

Plaintiff alleges that as part of her job duties as the manager of Westchester Plaza, she was attempting to prevent a certain individual, Roderick Miles, a resident of Fort Worth (App. at 6, 8), from visiting his brother-in-law, Larry Moore, a resident of Westchester Plaza.  App. at 6, 8.  Plaintiff alleges that she called 911 and "requested that a Fort Worth police officer come to the premises" in order to assist her in preventing the individual from visiting his brother-in-law.  Events that followed are disputed, but they led to Plaintiff's brief arrest, during the course of which Plaintiff claims she suffered an injury.  Pl. Orig. Pet. at 4-7 (Doc. No. 1 at 15-18); App. at 7-10.

Some of the witnesses to the incident in question and to the prior incidents mentioned in Plaintiff's petition, including Tyrone Bell, Willie Washington, and Billie Moon, are permanent or long-term residents of Westchester Plaza, some of whom have health concerns that make travel extremely difficult.  See App. at 4.  The two individual police officer defendants are residents of Fort Worth, Tarrant County, Texas.  App. at 2, 5.  Other city employees will likely be called as witnesses, and most if not all of the documents relevant in this case are located within the City of Fort Worth.  See App. at 3, 6.

---

[2] www.google.com/maps/dir/Westchester+Plaza,+554+S+Summit+Ave,+Fort+Worth,+TX+76104/U.S+Bankruptcy+Court,+501+W+10th+St+%23147,+Fort+Worth,+TX+76102/@32.7447398,-97.3417993,16z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x864e717ac5d2f419:0xfb8139408999e50c!2m2!1d-97.342982!2d32.738871!1m5!1m1!1s0x864e716a5ad675bb:0x44fa03b4297bfc94!2m2!1d-97.333406!2d32.749884

[3] https://www.google.com/maps/dir/Westchester+Plaza,+554+S+Summit+Ave,+Fort+Worth,+TX+76104/1100+Commerce+St,+Dallas,+TX+75201/@32.7357574,-97.2100517,11z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x864e717ac5d2f419:0xfb8139408999e50c!2m2!1d-97.342982!2d32.738871!1m5!1m1!1s0x864e99182d1f9aa5:0xd025f798d978b4a8!2m2!1d-96.8024387!2d32.7790641

Defendants' Motion to Transfer Venue to the Fort Worth Division and Brief in Support Thereof                         Page 3

The relative distances between the site of the incident giving rise to Plaintiff's claims, the Fort Worth City Hall, the Fort Worth Division courthouse, and the Dallas Division courthouse are depicted here:



Based on the same foregoing facts and claimed injury, Plaintiff has also sued two entities allegedly associated with Westchester Plaza--Westchester Prime Management, L.L.C. ("WPM") and WGH Heritage, Inc. ("WGH")--and one individual, Brian Jeffry Bryant, whom Plaintiff alleges to be the president of WPM.  Pl. Orig. Pet. at 4 (Doc. No. 1 at 15).  Plaintiff sues these defendants for negligence and for premises liability.  Pl. Orig. Pet. at 15, 17 (Doc. No. 1 at 26, 28).

Both entities are based in Fort Worth.  Specifically, WPM is a Texas limited liability company and its business address on file with the Texas Secretary of State is P.O. Box 2260, Fort Worth, Texas 76113.  App. at 12.  WGH is a California public benefit corporation and its principal place of business is 2423 Gravel Drive, Fort Worth, Texas 76118.  App. at 12.  WPM owns the Westchester Plaza Assisted Living Facility, located at 554 South Summit Avenue, Fort Worth, Texas 76104.  App. at 12.  WPM has approximately 100 employees, some of whom are witnesses to the allegations made the subject of this lawsuit, and all of whom work at the Westchester Plaza facility

in Fort Worth. App. at 12. Plaintiff has pleaded that the individual defendant, Bryant, is a Dallas resident, but his alleged involvement in this case appears to stem either from his alleged role as an officer of WPM or because of actions he allegedly took in Tarrant County. See, generally, Pl. Orig. Pet. Mr. Bryant joins this motion to transfer venue to the Fort Worth Division, and he also filed a motion to transfer venue to Tarrant County in the state court proceeding prior to removal. Doc. No. 1 at 74.

### III. ARGUMENT AND AUTHORITIES

"Fort Worth, Texas, . . . is located in Tarrant County and [is] within the Fort Worth Division of the Northern District of Texas." See Franklin v. GMAC Mortg., 3:13-CV-1680-D, 2013 WL 2367791 (N.D. Tex. May 30, 2013) (Fitzwater, C.J., adopted findings, conclusions and recommendations of magistrate judge). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . . 28 U.S C § 1404(a); Franklin, 2013 WL 2367791 at *2. The Court has "broad discretion in deciding whether to order a transfer." In re Volkswagen of Am., Inc., 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

Jurisdiction of this case is founded on a federal question, and venue is thus appropriate in any division within the Northern District of Texas, including the Fort Worth Division. See 28 U.S.C.§ 1391. In assessing the interests of convenience and justice under § 1404, the district court should evaluate a number of public and private interest factors. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(l) the administrative difficulties flowing from court congestion; (2) the local interest

in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." In re Volkswagen of Am., Inc., 545 F.3d at 315.

Here, as in the Franklin case decided in this Court, "while many of the Section 1404(a) factors are neutral as between or equally irrelevant as to the Dallas and Fort Worth Divisions, including the factors addressing compulsory process, court congestion, conflicts of laws, and familiarity with the governing law, those factors that favor the Fort Worth Division, on balance, favor transfer—and no Section 1404(a) factor appears to actually favor maintaining this newly filed case in the Dallas Division." Franklin, 2013 WL 2367791 at *2.

### A. Plaintiff's Choice of Forum

Plaintiff's "choice of forum . . . is not an independent factor within . . . the § 1404(a) analysis." In re Volkswagen of Am., Inc., 545 F.3d at 314 n. 10. Generally, in a Section 1404(a) analysis, "a plaintiff's choice of forum 'should be respected' unless [as here] 'the transferee venue is clearly more convenient.'" Franklin, 2013 WL 2367791 at *2 (quoting In re Volkswagen of Am., Inc., 545 F.3d at 315). But where, as here, Plaintiff lists her own place of residence as being within the Fort Worth Division, "suggesting that the Fort Worth Division would be more, not less, convenient for [her]," her choice of venue is given little deference. Id. (citing Rimkus Consulting Grp., Inc. v. Balentine, 693 F.Supp.2d 681, 690–91 (S.D. Tex. 2010) ("Although a plaintiff's initial choice of forum is entitled to deference, the degree of deference is higher when he has chosen his home forum. Conversely, when a plaintiff is not a resident of the chosen forum, or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice." (citation omitted)); accord In re Marquette Transp. Co. Gulf–Inland, LLC, No. Civ. A. H–12–0623, 2012 WL 2375981, at *2 (S.D. Tex. June 21, 2012)). See also Martinez v.

City of Fort Worth, Texas, CIV.A.3:02-CV-2286-M, 2003 WL 21289654 (N.D. Tex. May 28, 2003) (holding, "Where, as here, neither party resides in Dallas, and the location of the defendants, witnesses, and evidence, as well as the locus of operative facts, all point to a different venue, the plaintiff's original choice of forum is entitled to little weight.")

**B. <u>The Relative Ease of Access to Sources of Proof</u>**

The first private interest factor the court should consider is the relative ease of access to sources of proof.  Defendant believes that all known witnesses to the events in question are residents of Fort Worth or at least Tarrant County, Texas.  (The only known possible exception is Defendant Bryant; although he did not witness the incident in question and he himself favors Fort Worth venue.)  In particular, the residents of Westchester Plaza, which is located little more than one mile from the Fort Worth courthouse, are elderly or infirm or both and the difference in distance between the two divisions to them is extremely significant.  Moreover, based on Plaintiff's allegations it appears that a number of City of Fort Worth employees may be called as witnesses.  City of Fort Worth's City Hall is located only blocks from the Fort Worth Division's courthouse.

Plaintiff complains about the policies and training of the Fort Worth Police Department.  Naturally, all records relating to such policies and training will be maintained by the City of Fort Worth and located within the Fort Worth Division.  And again, the location where Plaintiff worked at all relevant times and where the incident made the basis of this lawsuit actually occurred is located very close to the Fort Worth Division's courthouse.  For Plaintiff to prove her premises liability claim, for example, she will need to show proof of the conditions at Westchester Plaza.  It is hard to imagine proof of those facts will more easily be found in Dallas.  The relative ease of access to witnesses and sources of proof clearly favors transfer to the Fort Worth Division.

### C. The Cost of Attendance for Willing Witnesses

While Fort Worth and Dallas admittedly are not worlds apart, and driving to Dallas "is not like 'traveling to the wilds of Alaska,'" the difference to the witnesses in this case *is* significant. See Martinez v. City of Fort Worth, Texas, CIV.A.3:02-CV-2286-M, 2003 WL 21289654 (N.D. Tex. May 28, 2003) (granting City of Fort Worth's motion to transfer venue to the Fort Worth Division despite Plaintiff's argument that "travel from Fort Worth to Dallas is not like 'traveling to the wilds of Alaska.'"). The cost and inconvenience for the Westchester Plaza residents to travel to Dallas is significant due to their age and health issues, and the difference to the public servant witnesses employed by the City of Fort Worth is between a short walk and a 30 minute to one hour drive, depending on traffic and parking conditions, each way. The cost of attending trial in Fort Worth would likely be minimal; requiring numerous elderly and infirm witnesses plus City employees to travel to the federal courthouse in Dallas, however, would involve a great deal of additional inconvenience and time away from work, as well as additional parking and mileage costs. This factor weighs heavily in favor of transfer.

### D. The Local Interest in Having Localized Interests Decided at Home

The second public interest factor is the local interest in having localized interests decided at home. This is a dispute that arose in Fort Worth and involves public servants employed by the City of Fort Worth. Residents of the Fort Worth Division thus have a substantial interest in this case; the residents of the Dallas Division do not. The judicial resources that are available to the Dallas courts should not be burdened with the trial of an action that has no (or at least nearly no) relationship to the Dallas Division. This factor weighs heavily in favor of transfer.

## IV. CONCLUSION

This action could have been brought in the Fort Worth Division, and that is where it should be litigated.  See, e.g., Martinez, 2003 WL 21289654 at *2 ("Because the parties, the vast majority of witnesses, the relevant books, documents, and records, the location of the alleged discriminatory acts, and the locus of almost all operative facts and substantive discovery reside in or point to Fort Worth, . . . the Fort Worth Division is the more appropriate forum.").  It is within this Court's discretion to transfer this case to Fort Worth, and the public and private interest factors identified by the Fifth Circuit weigh heavily in favor of transfer.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this motion be granted, the case transferred to the Fort Worth Division of the Northern District of Texas, and that Defendant be granted such other relief as the Court deems appropriate.[4]

Respectfully submitted,

| | |
|---|---|
| s/ Kenneth E. East | s/ Laetitia Coleman Brown |
| Kenneth E. East | Laetitia Coleman Brown |
| State Bar No. 00790622 | State Bar No. 00792417 |
| FOSTER & EAST | laetitia.brown@fortworthgov.org |
| 9001 Airport Freeway, Suite 675 | Maleshia B. Farmer |
| North Richland Hills, Texas  76180 | State Bar No. 24031773 |
| (817) 788-1111 | maleshia.farmer@fortworthtexas.gov |
| Fax:  (817) 485-2836 | 1000 Throckmorton Street |
| ken1@airmail.net | Fort Worth, Texas 76102 |
| | 817-392-7600 |
| ATTORNEY FOR DEFENDANT OFFICER | 817-392-8359 fax |
| DACIAN HALMAGEAN, in his official | |
| capacity as a police officer with the Fort Worth | ATTORNEYS FOR DEFENDANT |
| Police Department and individually | CITY OF FORT WORTH |

---

[4] This Court has ordered the parties to submit a scheduling proposal no later than June 11, 2014.  See Doc. No. 9.  The parties' respective attorneys have scheduled a meeting to occur on June 2 for purposes of preparing the ordered scheduling proposal.  The meeting is scheduled to occur in Plaintiff's lawyers' Dallas office.  If the Court is inclined to grant this motion, Defendants would request that the current deadline be suspended or extended as necessary so that the Defendants' counsel will not need to attend the Dallas meeting unnecessarily.

<table>
<tr><td>

s/ Derek D. Rollins  
Derek D. Rollins  
State Bar No. 24029803  
Timothy D. Zeiger  
State Bar No. 22255950  
Shackelford, Melton, McKinley & Norton, LLP  
3333 Lee Parkway, Tenth Floor  
Dallas, Texas 75219  
214-780-1400  
214-780-1401 (fax)  
drollins@shackelfordlaw.net  
tzeiger@shackelfordlaw.net  

ATTORNEYS FOR DEFENDANTS  
WGH HERITAGE, INC., WESTCHESTER PRIME MANAGEMENT, L.L.C., and BRIAN JEFFRY BRYANT

</td><td>

s/ D. Lee Thomas, Jr.  
D. Lee Thomas, Jr.  
Texas Bar No. 19847500  
507 West Central Avenue  
Fort Worth, Texas 76164-9135  
817-625-8866  
817-625-8950 (fax)  
dlthom31@yahoo.com  

ATTORNEY FOR DEFENDANT OFFICER AMY OLSON in her official capacity as a police officer with the Fort Worth Police Department and individually

</td></tr>
</table>

## CERTIFICATE OF CONFERENCE

On May 9, 2014, the undersigned conferred with Ms. Angela Pacheco, counsel for Plaintiff regarding the foregoing motion. Ms. Pacheco stated that she opposes the relief request; therefore, the motion is presented for the Court's consideration.

s/ Kenneth E. East  
Kenneth E. East

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Northern District of Texas using the court's electronic case filing system. The ECF system sent a "Notice of Electronic Filing" to all attorneys of record, all of whom have consented in writing to accept this Notice as service of this document by electronic means, including:

Angela Pacheco, Counsel for PLAINTIFF; Derek D. Rollins, Counsel for DEFENDANTS WGH HERITAGE, INC., WESTCHESTER PRIME MANAGEMENT, L.L.C., and BRIAN JEFFRY BRYANT; Laetitia Coleman Brown, Counsel for DEFENDANT CITY OF FORT WORTH; and D. Lee Thomas, counsel for DEFENDANT OFFICER AMY OLSON in her official capacity as a police officer with the Fort Worth Police Department and individually.

s/ Kenneth E. East  
Kenneth E. East