IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| NELDA DAVIS, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-01698-D |
| | § | |
| THE CITY OF FORT WORTH, et al., | § | |
| Defendants. | § | |

**DEFENDANTS' EVIDENTIARY APPENDIX IN
SUPPORT OF THEIR MOTION TO TRANSFER VENUE**

All Defendants herein submit this their Evidentiary Appendix in Support of their Motion to Transfer Venue.

| EXHIBIT | DESCRIPTION | APP. PAGE NOS. |
|---|---|---|
| A | Affidavit of Dacian Halmagean | 1-3 |
| B | Affidavit of Amy Olson | 4-10 |
| C | Affidavit of Doug Sweeney | 11-13 |

Respectfully submitted,

s/ Kenneth E. East
Kenneth E. East
tate Bar No. 00790622
FOSTER & EAST
9001 Airport Freeway, Suite 675
North Richland Hills, Texas  76180
(817) 788-1111
Fax:  (817) 485-2836
ken1@airmail.net

ATTORNEY FOR Defendant OFFICER DACIAN HALMAGEAN, in his official capacity as a police officer with the Fort Worth Police Department and individually

-i-

s/ Laetitia Coleman Brown
Laetitia Coleman Brown
State Bar No. 00792417
laetitia.brown@fortworthgov.org
Maleshia B. Farmer
State Bar No. 24031773
maleshia.farmer@fortworthtexas.gov
1000 Throckmorton Street
Fort Worth, Texas 76102
817-392-7600
817-392-8359 fax

ATTORNEYS FOR DEFENDANT
CITY OF FORT WORTH


s/ Derek D. Rollins
Derek D. Rollins
State Bar No. 24029803
Timothy D. Zeiger
State Bar No. 22255950
Shackelford, Melton, McKinley & Norton, LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
214-780-1400
214-780-1401 (fax)
drollins@shackelfordlaw.net
tzeiger@shackelfordlaw.net

ATTORNEYS FOR DEFENDANTS
WGH HERITAGE, INC., WESTCHESTER
PRIME MANAGEMENT, L.L.C., and BRIAN
JEFFRY BRYANT

s/  D. Lee Thomas, Jr.
D. Lee Thomas, Jr.
Texas Bar No. 19847500
507 West Central Avenue

        507 West Central Avenue
        Fort Worth, Texas 76164-9135
        817-625-8866
        817-625-8950 (fax)
        dlthom31@yahoo.com
        ATTORNEY FOR DEFENDANT
        OFFICER AMY OLSON in her official capacity as
        a police officer with the Fort Worth Police
        Department and individually

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 30, 2014, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Northern District of Texas using the court's electronic case filing system. The ECF system sent a "Notice of Electronic Filing" to all attorneys of record, all of whom have consented in writing to accept this Notice as service of this document by electronic means, including:

Angela Pacheco, Counsel for PLAINTIFF; Derek D. Rollins, Counsel for DEFENDANTS WGH HERITAGE, INC., WESTCHESTER PRIME MANAGEMENT, L.L.C., and BRIAN JEFFRY BRYANT; Laetitia Coleman Brown, Counsel for DEFENDANT CITY OF FORT WORTH; and D. Lee Thomas, counsel for DEFENDANT OFFICER AMY OLSON in her official capacity as a police officer with the Fort Worth Police Department and individually.

                                          s/ Kenneth E. East
                                          Kenneth E. East

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NELDA DAVIS, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-01698-D |
| | § | |
| THE CITY OF FORT WORTH, et al., | § | |
|    Defendants. | § | |

### AFFIDAVIT OF DACIAN HALMAGEAN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned authority, personally appeared DACIAN HALMAGEAN, who, being by me duly sworn, deposed as follows:

"My name is Dacian Halmagean. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated, which are true and correct.

"I am a defendant in the above-captioned lawsuit. I am a police officer employed by the City of Fort Worth. I reside in the City of Fort Worth, Tarrant County, Texas. Having this case litigated in the Dallas Division of the United States District Court for the Northern District of Texas instead of the Fort Worth Division would be substantially inconvenient and burdensome for me. In addition to the increased time and costs related to the travel, my assignment as a police officer may have to be vacant or filled by other officers for greater periods of time than if the case were in the Fort Worth Division, and I

may have to draw greater amounts of overtime from the City of Fort Worth. Also, to the extent I may need to seek records from the City related to my employment history, training, or policies of the City, at least the bulk of those records are maintained by the City of Fort Worth and are located within the City of Fort Worth. I know of no such records located within the Dallas Division.

"The incident made the basis of this lawsuit occurred at the Westchester Plaza, an assisted living facility, located at 554 S. Summit Avenue, Fort Worth, Texas 76104. The incident involving Plaintiff, Nelda Davis, the facility's manager, occurred only at the Fort Worth Westchester Plaza facility and involved Plaintiff, Officer Olson and I, and a gentleman who was attempting to visit his brother-in-law, a resident of the facility. There were other residents of the facility present at the time who would be witnesses in this case."

_____
Dacian Halmagean

STATE OF TEXAS       §
COUNTY OF TARRANT    §

SWORN TO and SUBSCRIBED before me by DACIAN HALMAGEAN on the 20 day of _____May_____, 2014.


JACK W GRIFFITH
Notary Public, State of Texas
My Commission Expires
12-09-2015

_____
Notary Public in and for the State of Texas

Affidavit of Dacian Halmagean                                                    Page 2

**Defendants' Motion to Transfer App.   3**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NELDA DAVIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-01698-D |
| | § | |
| THE CITY OF FORT WORTH, et al., | § | |
|     Defendants | § | |
| | § | |

## AFFIDAVIT OF AMY OLSON

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

    BEFORE ME, the undersigned authority, on this day personally appeared AMY OLSON, who, being duly sworn, deposed as follows:

    "My name is Amy Olson. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated, which are true and correct.

    "I am a defendant in the above-captioned lawsuit. Attached hereto is a true and correct copy of the Incident Report. I am a police officer employed by the City of Fort Worth. I reside in the City of Fort Worth, Tarrant County, Texas. Having this case litigated in the Dallas Division of the United States District Court for the Northern District of Texas instead of the Fort Worth Division would be substantially inconvenient and burdensome for me. In addition to the increased time and costs related to the travel, my assignment as a police officer may have to be vacant or filled by other officers for greater periods of time than if the case were in the Fort

AFFIDAVIT OF AMY OLSON - Page 1

Worth Division, and I may have to draw greater amounts of overtime from the City of Fort Worth. Also, to the extent I may need to seek records from the City related to my employment history, training, or policies of the City, at least the bulk of those issues are maintained by the City of Fort Worth and are located within the City of Fort Worth. I know of no such records located within the Dallas Division.

"The incident made the basis of this lawsuit occurred at the Westchester Plaza, an assisted living facility, located at 554 S. Summit Avenue, Fort Worth, Texas 762104. The incident involving Plaintiff, Nelda Davis, the facility's manager, occurred only at the Fort Worth Westchester Plaza Facility and involved Plaintiff, Officer Halmagean and myself, and Roderick Miles who resides at 2608 Putnam Street, Fort Worth, Texas who was attempting to visit his brother-in-law, Larry Moore, a resident of the facility. There were other residents of the facility present at the time who would be witnesses in this case."

_____
Amy Olson

SWORN AND SUBSCRIBED BEFORE ME, the undersigned authority on this the 19 day of May, 2014, to certify which witness my hand and official seal of office.

_____
Notary Public - State of Texas

RENEE D DOLKOS
My Commission Expires
August 22, 2017

**AFFIDAVIT OF AMY OLSON** - Page 2

**Defendants' Motion to Transfer App. 6**

# FORT WORTH POLICE DEPARTMENT



**13-158**

Supplement No
**ORIG**

350 W. BELKNAP STREET

Fort Worth, Texas 76102

Nature of Call
**PENALCODE**

Fax 817-392-4201

817-392-4200

Reported Date
**01/01/2013**

Member#/Dept ID#
**HALMAGEAN,D**

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|
| FORT WORTH POLICE DEPARTMENT | 13-158 | ORIG | 01/01/2013 | 10:39 |

| CAD Call No | Status | Nature of Call |
|---|---|---|
| 130001495 | Report taken | All other penal code offenses |

| Location | City | PRA | Division | Zone |
|---|---|---|---|---|
| 554 SUMMIT AVE | Fort Worth | A040 | C | C02 |

| From Date | From Time | Member#/Dept ID# |
|---|---|---|
| 01/01/2013 | 10:00 | 3810/HALMAGEAN,D |

| Assignment | Entered by | Assignment |
|---|---|---|
| Central Division Team 1 1st Shift | 3308 | Central Division Team 1 1st Shift |

| RMS Transfer | Prop Trans Stat | Approving Officer | Approval Date | Approval Time |
|---|---|---|---|---|
| Successful | Successful | 166467 | 01/30/2013 | 08:32:48 |

| # Offenses | Offense | Description | Complaint Type | AC | Use |
|---|---|---|---|---|---|
| 1 | PC 38.15 | Interference with Pu | | C | N |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | Cargo? |
|---|---|---|---|---|---|---|---|---|
| 88 | 25 | | | | | 90Z | 1 | |

| Link | Involvement | Invl No | Name | Race | Sex | DOB |
|---|---|---|---|---|---|---|
| SUS | SUS | 1 | DAVIS,NELDA JO | W | F | 10/05/1949 |
| SUS | WIT | 1 | MOORE,LARRY | B | M | 10/05/1953 |

## Person Summary

| Invl | Invl No | Type | Name | MNI | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| SUS | 1 | I | DAVIS,NELDA JO | 1909011 | W | F | 10/05/1949 |
| VIC | 1 | S | STATE OF TEXAS | | | | |
| WIT | 1 | I | MOORE,LARRY | 45054 | B | M | 10/05/1953 |
| WIT | 2 | I | MILES,RODERICK | 1085538 | B | M | 07/15/1953 |

## Summary Narrative

On January 1st, 2013 at approximately 10:44 hours Officer A. Olson and I were dispatched to 554 S. Summit Ave (Westchester Plaza) in reference to a Disturbance call.

The call details stated the following; Westchester Plaza assisted living business...CP req CTW for bm Mr. Miles unk clothing is in the lobby...was asked to leave yesterday and has returned today...CP req he do not come to business or harass employees, no weapons...

Upon our arrival at approximatley 10:54 hours we met with Davis, Nelda who was already visibly upset and demanded that Mr. Miles be escorted off the property and given a CTW. Officer Olson spoke to Mr. Miles to find out what his reason for being there was and Mr. Miles stated that he was INVITED over by his brother-in-law, who's a resident at Westchester Plaza.

| Report Officer | Printed At | |
|---|---|---|
| 3810/HALMAGEAN,D | 04/14/2014 14:11 | Page 1 of 4 |

| | 13-158 | Supplement No ORIG |
|---|---|---|

# FORT WORTH POLICE DEPARTMENT

## Suspect 1: DAVIS, NELDA JO

| Involvement | Invl No | Type | Name | MNI | Race |
|---|---|---|---|---|---|
| Suspect | 1 | Individual | DAVIS, NELDA JO | 1909011 | White |

| Sex | DOB | Age | Ethnicity | Juvenile? | Height | Weight | Hair Color |
|---|---|---|---|---|---|---|---|
| Female | 10/05/1949 | 63 | Non-Hispanic or Non-Latino | No | 5'08" | 240# | Brown |

| Eye Color | Res Status | OFN_INVL | Vic/Ofnd Age | PRN |
|---|---|---|---|---|
| Blue | Resident | 1 | 63 | 3287927 |

| Type | Address | City | State |
|---|---|---|---|
| Work/Business | 554 S SUMMIT AVE | Fort Worth | Texas |

| Date |
|---|
| 01/01/2013 |

| Type | ID No | OLS |
|---|---|---|
| Drivers License | 05665955 | Texas |

| Phone Type | Phone No | Date |
|---|---|---|
| Business | (817)336-2593 | 01/01/2013 |

## Victim 1: STATE OF TEXAS

| Involvement | Invl No | Type | Name | PRN |
|---|---|---|---|---|
| Victim | 1 | Society/Public | STATE OF TEXAS | 3287928 |

### IBRS Info

| Victim Invl No | Offense Codes |
|---|---|
| 1 | 90Z |

## Witness 1: MOORE, LARRY

| Involvement | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| Witness | 1 | Individual | MOORE, LARRY | 45054 |

| Race | Sex | DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Black/African American | Male | 10/05/1953 | 59 | No | 5'11" | 225# | Black | Brown |

| PRN |
|---|
| 3287929 |

| Type | Address | City | State |
|---|---|---|---|
| Home | 554 S SUMMIT AVE #625 | Fort Worth | Texas |

| Date |
|---|
| 01/01/2013 |

| Type | ID No | OLS |
|---|---|---|
| Drivers License | 18539369 | Texas |

## Witness 2: MILES, RODERICK

| Involvement | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| Witness | 2 | Individual | MILES, RODERICK | 1085538 |

| Race | Sex | DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Black/African American | Male | 07/15/1953 | 59 | No | 5'08" | 195# | Black | Brown |

| PRN |
|---|
| 3287930 |

| Type | Address | City | State |
|---|---|---|---|
| Home | 2608 PUTNAM ST | Fort Worth | Texas |

| Date |
|---|
| 01/01/2013 |

| Type | ID No | OLS |
|---|---|---|
| Drivers License | 00899141 | Texas |

## Modus Operandi

| Premise Type |
|---|
| Residential-house |

| Suspect Action | Crime Code(s) |
|---|---|
| Agitated/angry towards others | OTHER |

## Narrative

On January 1st, 2013 at approximately 10:44 hours Officer A. Olson and I were dispatched to 554 S. Summit Ave (Westchester Plaza) in reference to a Disturbance call.

The call details stated the following; Westchester Plaza assisted living business...CP req CTW for bm Mr. Miles unk clothing is in the lobby...was asked to leave yesterday and has returned today...CP req he do not come to business or harass employees, no weapons...

Upon our arrival at approximatley 10:54 hours we met with Davis, Nelda who was already visibly upset and demanded that Mr. Miles be escorted off the property and given a CTW. Officer Olson spoke to Mr. Miles to find out what his reason for being there was and Mr. Miles stated that he was INVITED over by his brother-in-law,

| Report Officer | Printed At | |
|---|---|---|
| 3810/HALMAGEAN, D | 04/14/2014 14:11 | Page 2 of 4 |

**Defendants' Motion to Transfer App. 8**

# FORT WORTH POLICE DEPARTMENT

13-158    Supplement No ORIG

**Narrative**

who's a resident at Westchester Plaza.

We asked Davis why she wanted a CTW issued to Miles when he was not causing any disturbance. She stated he caused a disturbance on a previous date and was issued a CTW then. Davis told us that there was a CTW in effect for Mr. Miles already but the CTW that was provided to us was for someone else. We told Mr. Miles that although he preferred to wait for his brother-in-law in the lobby he was advised that he needed to proceed directly upstairs to his brother-in-law's residence.

Mr. Miles said that he understood what we were saying and agreed to follow our advice.

Officer Olson then spoke to Davis and explained that if Mr. Miles was invited by a resident and was going to be in that resident's apartment legally we couldn't issue a CTW. Davis was dissatisfied with our explanation and became verbally abusive and asked for our badge ID numbers and said that we're useless and demanded we get her a supervisor.

Davis then told us to leave. While outside of the Westchester Plaza lobby I, Officer A. Olson called Sgt C. Buzbee (C110) to inform him of the details of our interaction with Davis and to let him know she may generate a complainit.

While still outside the facility we observed Davis confronting Miles near the front door. We approached them and observed Davis holding Miles by the arm and physically escorting him outside the main lobby doors. She was once again telling him he could not enter the building. I then asked Miles for his brother-in-law's phone number and called him directly. He said he did invite Miles over and did want him in his apartment. He then came downstairs to the lobby.

The brother-in-law was standing in the middle of the lobby and again said he wanted Miles there.

I, Officer Olson was standing next to Miles and told him to go with his brother in law to the elevator and go directly upstairs. We then entered the lobby. I was standing between Miles and Davis. Davis was trying to stop Miles from getting to the elevator and I attempted to protect him. Davis then used her hands and pushed me on my shoulder and physically moved me away from Miles. Officer Halmagean was standing by the lobby doors and observed Davis push me. Halmagean approached me and together we restrained Davis so she could not push me or Miles again.

At this time Davis was told she was being placed under arrest for Interference with Police Duties and we instructed her to put her hands behind her back and she refused. Officer Halmagean and myself attempted to handcuff Davis and she refused to provide us with her hands and pulled away from us. She did this several times. We were finally forced to place her on the ground in an effort to effect the arrest. Officer Halmagean placed his hand on her shoulder and led her to the ground. We both provided repeated verbal commands to place her hands behind her back and even while on the ground she still would not. I did finally manage to get the handcuff on one of her hands. At this time she did allow us to handcuff her second hand. We then helped her up and escorted her out to the patrol vehicle.

Davis again demanded to speak with Sgt Buzbee. We contacted him again and he made the scene.

Sgt Buzbee spoke with Davis and explained the reason a CTW could not be issued and that the residents of the building have rights. She was crying at this time and stated that she understood the law.

Several other employees were outside and all were upset about how the situation escalated. Several of them stated they knew Davis overreacted and should not have pushed me but said it is because Davis' supervisor is extremely demanding and puts a lot of pressure on her.

Sgt Buzbee and myself each spoke with Davis' supervisor who was angry, demanding and dissatisfied with our explanantions. He told Sgt Buzbee there is video in the lobby and that he would be reviewing it.

Davis never told myself, Officer Halmagean, or Sgt Buzbee that she had any injuries or felt any pain.

Sgt Buzbee told us it was our Officer discretion as to whether we wanted to proceed with the charges. Davis does not have a criminal history and said she understood the necessity for us to took the actions we took. She admitted to placing her hands on me and said she knew this was inappropriate behavior. She said her supervisor instructs her what to do and she just does it without considering the consequences. Davis and her fellow employees also mentioned that she has high blood pressure and is on medicaton for this. We decided we would stop our investigation at this point and allow Davis to return to work without criminal charges.

We spoke calmly with Davis prior to leaving and she apologized for her behavior and thanked us for allowing her to remain at her job.

We located report numbers 12-8490, 12-11221, and 12-111150 reference Davis. In each of these reports Davis is described in the narratives as confrontational, verbally abusive, and dissatisfied with Police and Detective's actions.

| Report Officer | Printed At | |
|---|---|---|
| 3810/HALMAGEAN,D | 04/14/2014 14:11 | Page 3 of 4 |

## FORT WORTH POLICE DEPARTMENT

**13-158**   Supplement No ORIG

### Narrative
CSSU not notified.  Sgt Buzbee.

| Report Officer | Printed At | |
|---|---|---|
| 3810/HALMAGEAN,D | 04/14/2014 14:11 | Page 4 of 4 |

**Defendants' Motion to Transfer App. 10**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NELDA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:14-CV-01698-D |
| | § | |
| THE CITY OF FORT WORTH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### AFFIDAVIT OF DOUG SWEENEY

BEFORE ME, the undersigned authority, on this day personally appeared Doug Sweeney who deposed as follows:

1. My name is Doug Sweeney. I am over 21 years of age, have never been convicted of a felony or crime involving moral turpitude, and am fully competent to make this Affidavit. I have personal knowledge of the facts stated in this Affidavit, and they are true and correct.

2. I am the President of Defendant WGH Heritage, Inc. ("WGH") and Defendant Westchester Prime Management, LLC ("WPM") and I held such position with both entities at all times relevant to the claims made in this lawsuit.

3. WPM is a Texas limited liability company and its business address, on file with the Texas Secretary of State, is P.O. Box 2260, Ft. Worth, Texas 76113. WPM's principal place of business is 554 South Summit Avenue, Ft. Worth, Texas 76104. WGH is a California public benefit corporation and its principal place of business is 2423 Gravel Drive, Ft. Worth, Texas 76118.

4. WGH is the sole member of WPM.

5. WPM owns the Westchester Plaza Assisted Living Facility (the "Facility"), which is where Plaintiff alleges the incident made the subject of this lawsuit occurred. The physical address of the Facility is 554 South Summit Avenue, Ft. Worth, Texas 76104.

6. WPM has approximately 100 employees, some of whom are witnesses to the allegations made the subject of this lawsuit, and all of whom work at the Facility in Ft. Worth, Texas.

7. A number of people that are witnesses to the allegations made the subject of this lawsuit are residents of the Facility. Many of these resident witnesses are elderly and/or infirmed, such as Tyrone Bell, Willie Washington, and Billie Moon. For these individuals, their ability to travel is severely restricted due to their poor physical health. Requiring the aforementioned residents of the Facility to travel to Dallas, Texas, as opposed to Ft. Worth, Texas, would be substantially more burdensome given each person's physical limitations.

FURTHER AFFIANT SAYETH NOT.

SIGNED, on this the __30__ day of May, 2014.

_____
DOUG SWEENEY

SUBSCRIBED AND SWORN TO BEFORE ME on this __30th__ day of May, 2014, to certify which witness my hand and official seal.


SHERRY E CRAWFORD
My Commission Expires
May 15, 2018

_____
Notary Public in and for the State of Texas

AFFIDAVIT OF DOUG SWEENEY - Page 2

Defendants' Motion to Transfer App. 13